**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Christopher Daniel TKAC,
Defendant–Appellant.**

No. 08–10084.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2009.

Filed Feb. 3, 2009.

Amber Marie Craig, Assistant U.S., USLV—Office of the U.S. Attorney, Las Vegas, NV, Elizabeth A. Olson, Esquire, Assistant U.S., U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Jason F. Carr, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: FARRIS, NOONAN and McKEOWN, Circuit Judges.

## MEMORANDUM *

Christopher Tkac appeals his sentence for felon possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Tkac argues that the district court erred by not applying United States Sentencing Guideline ("Guideline") § 5G1.3(b) to reduce his sentence by the approximately twenty-six months he had already served on a Nevada state conviction for the residential burglary during which he stole the firearms at issue. We review the district court's interpretation of the Guidelines de novo. *United States v. Tulaner*, 512 F.3d 576, 578 (9th Cir.2008).

Guideline § 5G1.3(b) applies to credit time served on "a term of imprisonment result[ing] from another offense that is relevant conduct to the [firearm possession offense] under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct)." Guideline § 5G1.3(b). To count as relevant conduct, the "acts and omissions" of the burglary offense had to "occur[ ] during the commission of the [felon firearm possession] offense." Guideline § 1B1.3(a)(1). The residential burglary, which took place one to two days before the felon possession offense for which Tkac was charged, did not occur "during the commission of" the felon possession offense. The burglary offense did not qualify as relevant conduct. Explaining why the Guideline did not apply, the district court emphasized that the two offenses were distinct, and that Tkac was "being punished for a separate crime." The district court did not err in concluding § 5G1.3(b) did not apply.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

